**Valbona GROPCHAJ, Petitioner,**

v.

**Alberto R. GONZALES,[1] U.S. Citizenship and Immigration Services, Respondents.**

**No. 06–2108–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Terence G. Hoerman, Detroit, MI, for Petitioner.

Chuck Rosenberg, United States Attorney for Eastern District of Virginia, Mark

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

A. Exley, Assistant United States Attorney, Norfolk, VA, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Valbona Gropchaj, a native and citizen of Albania, seeks review of an April 7, 2006 order of the BIA affirming the October 5, 2004 decision of Immigration Judge ("IJ") Robert Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Valbona Gropchaj,* No. A96 029 091 (B.I.A. Apr. 7, 2006), *aff'g* No. A96 029 091 (Immig. Ct. N.Y. City Oct. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the adverse credibility ruling critical to the IJ decision, this court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). Like the BIA, we proceed on the assumption that Gropchaj's account of past political persecution was credible, giving rise to a presumptive well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). To rebut this presumption, the government must show, by a preponderance of the evidence, that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of national-ity." 8 C.F.R. § 208.13(b)(1)(i)(A), (ii); 8 C.F.R. § 208.16(b)(1)(i)(A), (ii). The BIA conclusion that the government carried its burden is supported by the record evidence.[2]

Although a February 25, 2004 State Department Report on Human Rights indicates some concerns about violence then being practiced by the Albanian government, the BIA reasonably noted that there was little evidence of such violence against members of the Democratic Party, such as Gropchaj. Specifically, the report noted that the Democratic Party then held an active role in the government as a result of the election process. As the BIA noted, a March 2004 Profile of Asylum Claims from Albania identifies no evidence that the government or any political party, including the Socialist Party, engaged in coercion and patterned repression against Democratic Party members. This finding of changed country conditions is further supported by evidence submitted by the government with its brief to the BIA making clear that the Democratic Party is now the controlling party in Albania, having won elections in July 2005. *See Hoxhallari v. Gonzales,* 468 F.3d 179 (2d Cir.2006). Accordingly, because we cannot conclude that the evidence compelled a finding of a well-founded fear of future persecution, 8 U.S.C. § 1252(b)(4)(B); *see e.g., Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004), we hold that the BIA reasonably denied Gropchaj's claim for asylum and withholding of removal.

Relief under the CAT requires the applicant to show that she would more likely than not be tortured, although it does not require a nexus to any ground. *See* 8

---

**2.** We need not consider whether the BIA ruling involved findings of fact now precluded by 8 C.F.R. §§ 1003.1(d)(3), 1003.3(f), *see Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir. 2006), because no objection is raised in the petition, resulting in the waiver of any such

challenge, *see Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004). Changed country conditions preclude Gropchaj from showing likely future torture based on her political affiliation, and she points to no other ground for likely torture. Accordingly, we conclude that the agency's denial of her CAT claim is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).